Dear Senator Heitmeier:
You have requested that this Office opine on the legality of whether Plaquemines Parish may hold a parish-wide election under the direction of state law to determine whether the Port of Orleans may increase its territorial jurisdiction to incorporate Plaquemines Port, Harbor, and Terminal District.
You have informed this Office that there have been two bills filed over the past two sessions (2008 and 2009) of the Louisiana legislature that would amend the law to allow for the Port of New Orleans to increase its territorial jurisdiction to incorporate Plaquemines Port, Harbor and Terminal District. You added that the bill filed in 2009 provided that "before the Port of New Orleans could increase its territorial jurisdiction and incorporate Plaquemines Port, Harbor and Terminal District, there would be an election in Plaquemines Parish to authorize such an action."
Plaquemines Port, Harbor and Terminal District was statutorily created by Act No. 567 of the 1954 Regular Session of the Louisiana Legislature and placed in law in Title 34, Sections 1351, et seq.. Section 1351 (Creation and territorial limits) states:
The creation of the Plaquemines Parish Port Authority, created as a public corporation and political subdivision of the State of Louisiana is hereby ratified and approved and such authority is hereby declared to be and constituted a port, harbor and terminal district *Page 2 
pursuant to Section 31 of Article XIV of the Constitution of the State of Louisiana for the year 1921, as amended, said Plaquemines Parish Port Authority shall hereafter be known as the Plaquemines Port, Harbor and Terminal District and shall have territorial limits coextensive with the parish of Plaquemines, Louisiana, as presently constituted.
You note that your concern is the legality of having the legislature passing a law allowing Port of Orleans to increase its territorial jurisdiction to incorporate Plaquemines Port, Harbor, and Terminal District, but have the law actually being contingent upon an affirmative vote by the majority of the electorate in Plaquemines Parish.
Article I, Section 3 of the Constitution of Louisiana states that the legislative power conferred upon the Legislature cannot be delegated by the Legislature to the electors, or to any other body or authority. COOLEY'S CONSTITUTIONAL LIMITATIONS (8th Ed.) vol. 1, pp. 224, 238, 239, 240, 242, 244; 12 C. J. § 323, pp. 839 and 840; § 324, pp. 841 and 842; R.C.L. § 165, p. 164; § 166, p. 165; § 167, pp. 166, 167, 168.[1]
However, the court in State v. Watkins,176 La. at 840 (La. 1933), stated,
That principle does not forbid the Legislature to enact local laws dependent for their effect upon a vote of the electors of the locality to be affected, or to enact a general law or municipal charter to govern only such municipalities as may see fit to adopt it by a majority vote of the electors in the municipality.
The Louisiana First Circuit in Stewart v. Livingston ParishPolice Jury, 340 So.2d 1045 (La. 1 Cir. 1976), citedWatkins, and held that Watkins accords with the majority of jurisdictions regarding laws effective upon contingencies. The Court also noted the following appearing in 16 Am.Jur.2d, Constitutional Law, Section 258, page 507:
`The rule is well settled that while the legislature may not delegate its power to make a law, it may make a law to become operative on the happening of a certain contingency or future event. The legislature may enact a general law, complete in its terms, to become operative only upon the happening of a subsequent event, and this event may be the subject of control by human agencies. Moreover, in general it makes no essential difference what is the *Page 3 
nature of the contingency if it is essentially just and legal. The reason for this rule is that it is not always essential that a legislative act must in any event take effect as law after it leaves the hands of the legislature. If the law is in its provisions a complete statute in other respects, its taking effect may be made conditional upon some subsequent event. When that event happens, the statute takes effect and becomes the law by force of legislative action as fully as if the time when it should take effect had been unconditionally fixed.
The Stewart Court concluded, 340 So. 2d at 1049, by holding:
A statute is not invalid merely because it provides for the consent of interested persons to the contemplated regulation. Hence, a valid contingency upon which a law may take effect may be the vote of the electors of a given territory or part of the state within which the law is to operate. (Emphasis Added)
Therefore, according to Article I, section 3 of the Louisiana Constitution of 1974, and the jurisprudence cited herein, it is the opinion of this office that the legislature is authorized and empowered to enact a law providing that "before the Port of New Orleans could increase its territorial jurisdiction and incorporate Plaquemines Port, Harbor and Terminal District, there would be an election in Plaquemines Parish to authorize such an action." However, the law passed by the legislature must comply with Article VI, section 43 of the Louisiana Constitution which requires a favorable vote of two-thirds of the elected members of each body of the legislature.
Please contact our office if we can be of further assistance.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By: __________________________ WILLIAM P. BRYAN, III Assistant Attorney General
JDC/WPB, III/jv
[1] State v. Watkins, 176 La. 837, 147 So. 8 (La. 1933)